UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH THOMAS and ABDELHALIM H. MOHD, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:13-cv-01022 |
| J.P.MORGAN CHASE, N.A. F/K/A CHASE HOME FINANCE, LLC, ITS SUCCESSORS AND ASSIGNS DOES 1-50, | § § § § § § | |
| Defendants. | § | |

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") files this Motion for Judgment on the Pleadings (the "Motion") under Federal Rule of Civil Procedure 12(c). In support, it would respectfully show as follows.

### I.
### SUMMARY

Plaintiffs Elizabeth Thomas and Abdelhalim H. Mohd ("Plaintiffs") filed this lawsuit in the 269th Judicial District Court of Harris County, Texas by filing Plaintiffs' Original Verified Original Petition with Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction ("Complaint"). Defendant timely removed this suit to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]

---

[1] *See* Doc. No. 1.

The Complaint is Elizabeth Thomas's ("Thomas") most recent suit in a series of litigation aimed at preventing the proper foreclosure sale of certain real property following her undisputed payment default. Plaintiff Elizabeth Thomas has filed at least seven state, federal district and bankruptcy matters related to the foreclosure sale of the Property, including the following:

1. *In re Elizabeth Thomas*, No. 10-40785-H3-7 (Bankr. S.D. Tex. filed Dec. 3, 2010) (discharged bankruptcy case in which no litigation claims were disclosed);
2. *Thomas v. Mortg. Elec. Registration Sys., Inc.*, No. 10-cv-4320 (S.D. Tex. filed Oct. 21, 2010) (putative class action voluntarily dismissed while Rule 12(b) dismissal motions were pending);
3. *Thomas v. Dolan Media Co.*, Adversary No. 11-03090 (Bankr. S.D. Tex. filed Feb. 25, 2011) (dismissed for lack of jurisdiction because filed in a closed bankruptcy case);
4. *Thomas v. JP Morgan Chase, N.A.*, No. 11-cv-3656, 2012 WL 2872164 (E.D.N.Y. July 11, 2012) aff'd, *Thomas v. Barrett, Daffin, Frappier, Turner, & Engel LLP*, No. 12-3223-cv, 2013 WL 5226415 (2d Cir. Sept. 18, 2013) (summary order) (concluding Plaintiff lacked standing to bring claims, and claims barred due to judicial estoppel);
5. *Thomas, et al v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner, & Engle, LLP*, No. 2013-46276 (333d Dist. Ct., Harris Cnty, Tex. filed Aug. 7, 2013) (dismissed with prejudice)., and
6. *Thomas v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner, & Engel, LP et al,* 4:13-cv-02481 in the Southern District of Texas – Houston Division) (dismissed with prejudice).

In a recent Order dismissing a related suit on November 20, 2013, Judge Ellison cautioned Thomas against repeatedly filing her "frivolous cases" and noted that "sanctions may yet be assessed against her, and will certainly be assessed if her contumacious behavior continues."[2]

Plaintiffs' claims are premised on two invalid theories: first, that JPMC claims an interest in the Property based on a lien that it originated, and second, that because Plaintiff Adelhalim H. Mohd ("Mohd") was purportedly married to Thomas when the loan was originated but did not sign the Note and Deed of Trust, JPMC has no interest in the Property. The real property records plainly demonstrate that JPMC's interest in the Property is based on an assignment of the Deed

---
[2] Case No. 4:13-cv-02481, Doc. No. 27, p.2.

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**     **Page 2**

of Trust executed by Thomas, and Texas law makes it clear that Mohd's failure to execute the Note and Deed of Trust, to the extent that he was even married to Thomas at the time the loan was originated, does not prevent JPMC from enforcing the Deed of Trust through a foreclosure sale. Plaintiffs' claims are meritless, disproven by the real property records, and barred by the doctrine of judicial estoppel. Defendant is entitled to a judgment on the pleadings.

## II.
## ARGUMENT AND AUTHORITIES

**(a) Rule 12(c) Standard of Review**

The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.[3] The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[4] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[5]

**(b) Defendant is entitled to a Judgment on the Pleadings and Plaintiffs' Lawsuit Should be Dismissed because the Complaint Fails to State any Plausible Claims for Relief**

The Complaint does not plead any causes of action upon which relief can be granted and establish that they are plausible under Rule 12(c). The Court, therefore, should grant Defendant's Motion and dismiss the entire lawsuit.

---

[3] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[4] *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

[5] *Id.* at 1965 (citation and footnote omitted).

1. **Request for Judicial Notice**

In determining the validity of a Rule 12 (c) motion, the Court may "consider matters of which [it] may take judicial notice."[6] Matters of public record and items appearing in the record of the case may also be considered.[7] The Fifth Circuit has also noted that documents attached to a motion to dismiss[8] are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.[9]

Defendant requests that this Court take judicial notice of four documents available in the public record, or in the alternative, find that they should be part of the pleadings due to their centrality to Plaintiffs' claims: (1) The General Warranty Deed from Meritage Homes of Texas, LLC to Elizabeth Thomas, an unmarried person (2) the Deed of Trust executed by Elizabeth Thomas in favor of MERS as nominee for Flagstone Lending Group, (3) the Assignment of the Deed of Trust to Chase Home Finance, LLC, and (4) the certificate of merger of Chase Home Finance, LLC with and into JPMC. These documents establish JPMC's interest in the Property, are central to all of Plaintiffs' claims and are attached as Exhibits A-D respectively. The Complaint should be dismissed in its entirety on this basis alone.

2. **Plaintiffs' argument that Mohd's failure to execute the Deed of Trust entitles Plaintiffs to quiet title to the Property is without merit.**

It is undisputed that Thomas acquired title to the Property by financing the entirety of the purchase price and providing her lender, Flagstone Lending Group, a secured interest in the

---

[6] *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir.1996).

[7] *Id*; *see also Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011).

[8] Because a motion to dismiss and a motion for judgment on the pleadings have the same standard of review, the Court may take judicial notice in this case.

[9] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Property in exchange for her purchase money loan.[10]  Plaintiffs do not allege that they paid off the purchase money loan, but rather allege that they are entitled to remove the Deed of Trust from the chain of title because Mohd, Thomas's purported husband, did not execute the Deed of Trust.  Plaintiffs are mistaken.

Assuming that Plaintiffs were married at the time that Thomas acquired title to the Property, Mohd's failure to execute the Deed of Trust does not invalidate JPMC's interest in the Property.  This exact issue was considered in *Skelton v. Washington Mutual Bank, F.A.*, where a wife sought to invalidate a first lien mortgage on certain real property she claimed as her homestead on the basis that only her husband executed the Deed of Trust.[11]  In *Skelton*, the Court clarified that the constitutional homestead protection from forced sale of property does not apply to purchase money liens and both spouses need not execute a purchase money lien in order for it to be enforceable.[12]

Importantly, the Court in *Skelton* noted that "[a]lthough it may be good practice to require that purchase money and vendor's lien transactions be evidenced by documentation signed by the grantee's, a vendor's lien is enforceable to secure payment of purchase money even without documentation."[13]  In other words, not only is the Deed of Trust enforceable without Mohd's signature, it is enforceable *even without Thomas's signature*.[14]  The Court further rejected the wife's argument that her community property interest was superior to the purchase money lien.  Accordingly, Plaintiffs' claims fail.

---

[10] *See* Exs. A-B; *see also* Complaint p.3.

[11] *Skelton*, 61 S.W.3d 56 (Tex.App.—Amarillo 2001, no pet.).

[12] *Skelton* at 59.

[13] *Skelton* at 60 (*citing McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex.1984).

[14] The deed to Thomas and the Deed of Trust reserve a vendor's lien in favor of the mortgagee just as the Deed of Trust in *Skelton*.  See Exs. A-C

Plaintiffs are not entitled to quiet title relief because they fail to adequately identify any alleged legally significant weakness in the Deed of Trust and fail to specify any strength of their own title.[15] Where a complaint fails to include factual allegations regarding the strength of the plaintiff's title to the property, a plaintiff fails to state a legally cognizable claim for quiet title.[16]

   3. **Plaintiffs' claim that Defendant claims an interest in the Property through a loan that it originated in unfounded and inconsistent with the real property records.**

Plaintiffs allege that Defendant claims to have loaned her the purchase price for the Property and that Thomas's purchase of the Property was "double-funded because Elizabeth Thomas, cannot owe both parties for the full purchase price of the single homestead property." *See* Complaint p.7. This claim is disproven by the real property records of Harris County, Texas, which contain an assignment of the Deed of Trust to JPMC.[17] JPMC is plainly not claiming an interest in the Property through a loan that it originated, but through the assignment recorded in the property records.

   4. **Plaintiffs' claims are barred by the doctrine of judicial estoppel.**

As three courts have previously ruled, Thomas is barred from pursuing claims related to the Property by the doctrine of judicial estoppel.[18] Thomas filed a "no asset" bankruptcy case in 2010, in which she claimed to have no nonexempt assest that could be used to satisfy her debts.[19] "Plaintiff filed a schedule of her assets in those proceedings, and neither it nor her subsequent

---

[15] *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

[16] *Wells v. BAC Home Loans Servicing, LP*, 2011 WL 2163987, at *4. Plaintiffs' title claims are further likely barred by limitations, as the title documents were recorded in the real property records in 2007.

[17] *See* Exs. C and D.

[18] *Thomas v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner, & Engel, LP et al*, 4:13-cv-02481 in the Southern District of Texas – Houston Division), Doc. No. 36, pp. 5-8.

[19] *In re Elizabeth Thomas*, No. 10-40785-H3-7 (S.D. Tex –Dec. 3, 2010).

amended schedule included any then-pending or potential legal claims. The bankruptcy court discharged Plaintiff's debts and closed the case on March 1, 2011."[20]

Judicial estoppel is a common law doctrine by which a "party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position."[21] "The purpose of the doctrine is 'to protect the integrity of the judicial process', by 'prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest.'"[22] "The doctrine is generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'"[23] The Fifth Circuit has recognized that there are three elements of judicial estoppel: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent."[24]

Here, all three elements are satisfied. First, as a part of her bankruptcy proceedings, Thomas was required, under the penalty of perjury, to disclose all pending litigation or potential legal claims.[25] Moreover, a debtor seeking discharge of debts has a continuing obligation to disclose all potential claims and to amend the petition if circumstances change before the bankruptcy is resolved.[26] Thus, Thomas's duty to disclose the claims extended through to the

---

[20] *Thomas v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner, & Engel, LP et al*, 4:13-cv-02481 in the Southern District of Texas – Houston Division), Doc. No. 36, p.5.

[21] *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)) (internal quotation marks omitted).

[22] *Id.* (quoting *Brandon*, 858 F.2d at 268).

[23] *Id.* at 206 (quoting *Scarano v. Cent. R. Co. of N.J.*, 203 F.2d 510, 513 (3d Cir. 1953)).

[24] *Superior Crewboats Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 335 (5th Cir. 2004).

[25] *See* 11 U.S.C. §§ 521(1), 541(a)(1).

[26] *Thomas v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner, & Engel, LP et al*, 4:13-cv-02481 in the Southern District of Texas – Houston Division), Doc. No. 36, p.6 (*citing Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005); *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999).

bankruptcy court's discharge of her debts and closure of the case on March 1, 2011. Nevertheless, Thomas disclosed no legal claims, even when she filed an amended schedule of assets on January 25, 2011. [27]

Now Plaintiffs claim that they are entitled to quiet title to the Property extinguishing the Deed of Trust and preventing JPMC from exercising its right to pursue a nonjudicial foreclosure sale of the Property following Thomas's undisputed payment default. Thus, Thomas now pursues legal claims where she previously asserted that none existed, even though they were known to her and available at the time of her bankruptcy proceedings.

Next, the bankruptcy court relied upon Thomas's representation of her assets, including the representation that she had no pending or potential legal claims, when it discharged her debt and closed her case in March 2011. This court action is sufficient to satisfy the second prong. [28]

Regarding the third prong, Thomas's failure to disclose the claims cannot be considered inadvertent. In this context, inadvertence is present only when "in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."[29] Here, Thomas was aware of the claims by the time her continuing duty to disclose them ended in March 2011. On January 3, 2011, months before the bankruptcy court closed her case, and weeks prior to her January 25, 2011 filing of an amended schedule of assets, Thomas filed an amended complaint in a civil action she had brought in the Southern District of Texas, seeking relief for most of the same legal claims she brings in the present lawsuit.[30] In addition, just days before the bankruptcy court discharged her debts, Thomas brought two adversary proceedings predicated upon claims that fraudulent debt collection documents were created by foreclosure

---

[27] *Id.*
[28] *Id* (*citing Superior Crewboats*, 374 F.3d at 335).
[29] *Id* (*citing Coastal Plains*, 179 F.3d at 210).
[30] *See* Am. Compl., *Thomas v. Merscorp, Inc.*, No. 4:10-cv-4230 (S.D. Tex. Jan 3, 2011), Doc. No. 4.

counsel to collect an invalid debt.[31]  Both of these adversary proceedings were later dismissed for lack of subject matter jurisdiction.[32]  Judge Gleeson of the Eastern District of New York has reached the same conclusions, which the Second Circuit has affirmed.[33]  Moreover, as Judge Gleeson found, "Thomas also had a motive to conceal her claims.  By doing so, she could pursue them free and clear of any claims by creditors after gaining the benefit of a discharge."[34]  As such, the third prong is satisfied.

Thomas was required to disclose her claims to the bankruptcy court in her 2010-2011 bankruptcy proceedings. Because she represented to the bankruptcy court that she had no legal claims at that time, even though she knew of the claims, and the bankruptcy court then acted on those representations and discharged her debts and closed the case, the doctrine of judicial estoppel prevents Thomas from pursuing those undisclosed claims.  She is barred from pursuing the claims in this lawsuit.  Moreover, Thomas is fully aware that her claims are barred by judicial estoppel, as now Judge Gleeson, a panel of the Second Circuit, and Judge Ellison have so held. This lawsuit is both frivolous and barred by judicial estoppel.

### 5. Defendant is entitled to judgment on Plaintiffs' declaratory judgment claims and request for injunctive relief.

Plaintiffs claim that they are entitled to declarations that the Deed of Trust is invalid and unenforceable, and that the Note does not comply with the constitution.[35]  There is no justiciable controversy, and Defendants are entitled to judgment on these claims.

---

[31] *See* Compls., Adv. Case Nos. 11-03088, 11-03090, *In re Elizabeth Thomas*, No. 10-40785-3

[32] *See Thomas v. Chase Home Finance, LLC*, Case No. 10-40785-H3-7, Adv. No. 11-3088 (Bankr. S.D. Tex. Apr. 28, 2011), Doc. H3-7 (Bankr. S.D. Tex. filed Dec. 3, 2010), Doc. Nos. 41-42.

[33] *Thomas v. JP Morgan Chase, N.A.*, No. 11-cv-3656, 2012 WL 2872164, at *7-*9 (E.D.N.Y. July 11, 2012) *aff'd sub nom. Thomas v. Barrett, Daffin, Frappier, Turner, & Engel LLP*, No. 12-3223-cv, 2013 WL 5226415 (2d Cir. Sept. 18, 2013) (summary order).

[34] *Id.* at *9 (citing *Superior Crewboats*, 374 F.3d at 336).

[35] *See* Complaint pp. 5, 11.

Federal courts have broad discretion to grant or refuse declaratory judgment.[36] In order to demonstrate that a case or controversy exists, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.[37] Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties.[38] Plaintiffs' claims are barred by judicial estoppel, disproven by the real property records, and inconsistent with Texas law. Plaintiffs are not entitled to declaratory relief.

Similarly, Plaintiffs' request for injunctive relief should be dismissed. Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim.[39] Plaintiffs have not, and cannot, state a claim for which they are entitled to relief against Defendant. Plaintiffs' request for injunctive relief must be dismissed because they cannot prevail on any other claim.

WHEREFORE, PREMISES CONSIDERED, Defendant JPMorgan Chase Bank, National Association, prays that the Court grant its Motion for Judgment on the Pleadings, dismissing this lawsuit with prejudice, and that Defendant be awarded such other and further relief as to which it may be justly entitled.

---

[36] *Torch, Inc. v. LeBlanc,* 947 F.2d 193, 194 (5th Cir.1991).

[37] *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003).

[38] *Id*.

[39] *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002).

Respectfully submitted,

  */s/ Lauren Godfrey*
WM. LANCE LEWIS
Texas Bar No. 12314560
LAUREN R. GODFREY
Texas Bar No. 24063990
**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
lgodfrey@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure, this 22nd day of January, 2014, at the address indicated below:

James M. Andersen, Esq.
P.O. Box 58554
Webster, Texas 77598
*Attorney for Plaintiffs.*

  */s/ Lauren Godfrey*
Lauren Godfrey