**IN THE UNITED STATES FEDERAL
COURT FOR THE SOUTHERN DISTRICT TEXAS
HOUSTON: DIVISION**

_____

Elizabeth Thomas and James Allen,                          **First Amended Complaint**

**Plaintiffs**

                                                                        **Civil Action No.  13-cv-01022**

**vs.**
                                                                        **"Jury Trial Demanded"**

J.P., Morgan Chase N.A., f/k/a Chase Home Finance
LLC., f/k/a Chase Manhattan Mortgage Corporation,
Barrett, Daffin, Frappier, Turner & Engel LLP
("Barrett Law Firm")

**Defendants**

_____

     **NOW COMES**, Elizabeth Thomas and (the "Plaintiff"), and files this first amended

complaint and complains by and through counsel as follows:

## I.  JURISDICTION AND VENUE

     1. Violations of the Federal Debt Collection Practices Act 15 U.S.C. §1692k et seq.

("FDCPA"), and the continued reporting of false information in violation of the Fair Credit

Reporting Act, _15 U.S.C. § 1681s-2_ and the Fair Credit Bill Act, _15 U.S.C. § 1666(a)._

     2.    This Court also has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1331 and 15 U.S.C. §1692k as this civil action arises under the laws of the United

States.

     3.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of Plaintiff'

claims arising under state law, Texas Deceptive Trade Practices - Consumer Protection Act, Tex.

Bus. & com. code ann. § 17.41, _et seq._ (hereinafter "DTPA")- Consumer Protection Act (DTPA)

Texas Deceptive Trade Practices-Consumer Protection Act (DTPA (4) for mental anguish

damages; (5) treble economic damages and mental anguish damages for alleged knowing and intentional violations of the Texas Debt Collection Act, Texas, Finance Code Ann. §392.001, *et seq.* (hereinafter "TDCA") because the claims are so related to claims in this action and are within the Court's original jurisdiction that they form part of the same case or controversy.

4.      Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. § 139 and in that some or part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## II.   PARTIES

5.   Plaintiff Elizabeth Thomas is a consumer and the recipient of the actions of the defendants as hereinafter set forth.

6.   Plaintiff, James Allen, Ms. Thomas' brother, is an individual that resided with Ms. Thomas for period time and had a one-half (1/2) interest in the JamPro International franchise and in Yani Hair Creations, the family's beauty and lace wigs business.  Both of these businesses were lost due to the actions of the defendants as hereinafter set forth.

**The Chase Defendants**

7.      Defendant debt collector J.P., Morgan Chase N.A., f/k/a Chase Home Finance LLC., f/k/a Chase Manhattan Mortgage Corporation is a debt collector under 15 USC §1692(a)(6) and can be served thru its attorneys of record, Wm. Lance Lewis and Lauren Godfrey, Quilling Selander Lownds Winslett, Moser, PC. 2001 Bryan Street, Suite 1800, Dallas, TX 75201

**The Barrett Defendants**

8**.**   Defendant the law firm of Barrett, Daffin, Frappier, Turner & Engel LLP ("Barrett Law Firm") is a debt collector under 15 USC §1692(a)(6) and has its principal place of business

in Addison, Texas. Barrett Law Firm's attorneys primarily represent plaintiffs in foreclosure actions and are licensed "debt collectors" in the State of Texas. James C. Frappier is the managing partner of the Barrett Law Firm. Defendant's principle place of business is 15000 Surveyor Boulevard Suite 4000, Addison Texas 75001, on its registered agent James Frappier. .

9. Whenever, in this Complaint, reference is made to any act, deed, or conduct of Defendants committed in connection with the complaint, the allegations means that Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees or representatives, each of whom was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of Defendants.

10. At all times mentioned herein, each Defendant had actual and/or constructive knowledge of the acts of the other Defendant as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of the acts.

### III.     Factual Allegations

11. Plaintiff Thomas alleges that on or about February 25, 2013, third party debt collector defendant's of the Professional Law Firm and Corporation Barrett, Daffin, Frappier, Turner & Engel LLP ("Barrett Law Firm"), sent or caused to be sent a notice of default alleging that Thomas was in default of a debt to debt collector J.P. Morgan Chase Bank N.A. by merger to debt collector Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Company. For an alleged October 19, 2007, consumer residential mortgage loan that was funded by creditor Chase Manhattan Mortgage Company to Ms. Thomas, which is secured by the deed of trust. 15 USC 1692a. **This** is a material false statement because Ms. Thomas never applied to

or received an consumer mortgage loan from Chase Manhattan Mortgage Company on October 19, 2007. 15 U.S.C. 1692(e)(10).

12.     Plaintiff Thomas alleges that on February 25, 2013, third party debt collectors defendants of the Professional Law Firm and Corporation Barrett, Daffin, Frappier, Turner & Engel LLP ("Barrett Law Firm"), sent Notice of Default form to plaintiff Thomas in Texas and New York, stating that they had been retained to represent debt collectors JP. Morgan Chase Bank N.A. by merger to debt collector Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Company, which allegedly is Thomas' mortgagee. **This** is a material misrepresentation because  none of the above-named Chase entities were never Ms. Thomas's "mortgagee." 15 U.S.C. 1692(e)(10).

13.   Plaintiff Thomas alleges that on or about February 25, 2013, the third party debt collector defendants Barrett, Daffin, Frappier, Turner & Engel LLP.,("BDFTF") sent or caused to be sent a debt collection notice to Thomas  falsely and materially misrepresenting to Plaintiff that she  owed $117,142.15, to debt collector defendant J.P. Morgan Chase N.A. by merger to f/k/a Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation who "advanced funds" to Thomas on October 19, 2007. This is a material misrepresentation because Thomas never applied to or received any funds from Chase Manhattan Mortgage Corporation. 15 USC 1692a and 15 U.S.C. 1692(e)(10).

14.   Plaintiff Thomas alleges that on or about March 4, 2013, she sent third party debt collector defendant Barrett, Daffin, Frappier, Turner & Engel LLP., a dispute letter and disputed that she was indebted to debt collector J.P. Morgan Chase N.A. ("Chase") defendant by merger to f/k/a Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation for $117,142.15. Plaintiff disputed the obligation in its entirety and requested the following:

a) Copy of all mortgage loan documents from Ms. Thomas to Chase Manhattan Mortgage Corporation requesting a loan, and/or any document relied on in making a transfer assignment to debt collector Chase Home Finance LLC., thereinafter to (ii)debt collector J.P. Morgan Chase Bank N.A;

b) the name of the holder and or transferee of the note to whom is authorized and/or assigned it to (i) debt collector Chase Home Finance LLC., thereinafter to (ii)debt collector J.P. Morgan Chase Bank N.A;

c) copy of all assignments of the promissory note; (complete chain of assignments)

d) copy of and transfers of title showing a perfected lien;

15. Plaintiff complains that as of the filing of this complaint defendant's Barrett, Daffin, Frappier, Turner & Engel LLP., have failed to response to the March 4, 2013 dispute letters, or to verify the debt or provide the plaintiff with any of her requested information pertaining to chain of assignments and have refused to cease collection until verification. See 15 U.S.C. §.1692 (5).

16. Plaintiff alleges that Defendant's Barrett, Daffin, Frappier, Turner & Engel LLP., have failed to respond to her March 4, 2013, dispute letters, and request to verify the debt or provide the plaintiff with any of her requested information they relied upon in assigning an debt to debt collector J.P. Morgan Chase N.A. ("Chase") by merger to f/k/a Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation. See 15 U.S.C. §.1692 (5).

17. Plaintiff alleges that the debt collector Barrett-Firm defendants on February 25, 2013, sent a debt collection form a dunning notice which falsely stated and/or misrepresented that debt collector defendant J.P. Morgan Chase N.A. ("Chase"), was the plaintiff's mortgagee when in fact defendant J.P. Morgan Chase N.A., is a debt collector and is not the plaintiff's mortgagee 15 U.S.C. 1692(e)(10).

18. Plaintiff complains that on, February 25, 2013, the debt collector Barrett-Firm defendant's February 25, 2013, debt collection form notice sent to plaintiff referenced that plaintiff allegedly owed debt collector defendant J.P. Morgan Chase N.A., a debt of $117,142.15. This is a material misrepresentation in the collection of a debt as plaintiff does not owe a debt to defendant J.P. Morgan Chase N.A. See 15 U.S.C. 1692(e)(10).

19. Plaintiff complains that on February 25, 2013, the debt collector Barrett-Firm defendants dunning notice sent to plaintiff falsely reference that debt collector defendant J.P. Morgan Chase N.A., was the mortgagee by merger to debt collector Chase Home Finance LLC., who merged with Chase Manhattan Mortgage Corporation" who funded the plaintiff with a consumer residential mortgage loan on October 19, 2007, when in fact no such **consumer** mortgage loan debt existed then or now. 15 U.S.C. 1692(e)(10).

20. Plaintiff will show the court that the debt collector Barrett-Firm defendant's February 25, 2013, illicit debt collection notice sent to plaintiff, is attempting to collect a sum not founded upon any lawful instrument of indebtedness. 15 U.S.C.1692f (1).

21. Plaintiff will show the court that debt collector Barrett-Firm defendants are using material misrepresentations, and abusive and deceptive debt collection practices in continuing to attempt to collect this debt in blind faith as the plaintiff does not owe debt collector defendant J.P. Morgan Chase N.A. f/k/a Chase Home Finance LLC. f/k/a Chase Manhattan Mortgage Corporation any debt created by a deed of trust securing a note for the funding of a consumer residenetial mortgage loan. In support of this allegation, plaintiff will show that the Barrett-Firm defendant's refuses to verify this non-existent **consumer** debt. 15 U.S.C. 1692(e)(10).

22.     Plaintiff is entitled to civil penalties for the defendant Barrett-Group's failure to provide a statement of account upon written request. After considering the reprehensibility of the debt collectors at the Barrett Firm, defendant's refusal to provide account of records they relied upon in creating the assignment, when every debtor has a right to access said records pertaining to his or her account. In denying Plaintiff's request of account records, the Barrett-Group acted with complete disregard for Plaintiff's statutory rights. . . . and caused the plaintiff mental and emotional stress. Therefore, this Court can attach the maximum penalty permitted by law for this violation.

**B.      J.P. Morgan Chase N.A. by merger to  f/k//a Chase Home Finance LLC., f/k/a by merger to Chase Manhattan Mortgage as Agent for Chase Manhattan Bank N.A.,**

23.     Plaintiff alleges that on or about February 25, 2013, **defendant debt collector J. P. Morgan Chase Bank N.A., alleges** that due to a merger with f/k/a Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation, Thomas was indebted to debt collector J.P. Chase Bank for the Octobers 19, 2007, consumer residential mortgage loan funded to Thomas. This is a material false statement because Thomas never applied to or received any funds from Chase Manhattan Mortgage Corporation. 15 U.S.C. 1692(e)(10).

24.     Plaintiff alleges that on February 25, 2013, debt collector defendant J.P. Morgan Chase Bank N.A. /k/a Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation, ("Chase") alleges that Thomas is indebted for $117,142.15, to debt collector defendant J.P. Morgan Chase Bank N.A. ") for a October 19, 2007, consumer mortgage loan from Chase Manhattan Mortgage Corporation. This is a material false statement because Thomas never applied to or received any funds from Chase Manhattan Mortgage Corporation. 15 U.S.C. 1692(e)(10).

25.     Plaintiff alleges that on or about February 26, 2013, she sent by certified returned receipt mail a dispute letter and disputed that she was indebted to defendant debt collector J.P. Morgan Chase Bank N.A as result of some purported  consumer mortgage loan from Chase Manhattan Mortgage Corporation on October 19, 2007 and requested information copies of all mortgage loan documents from Chase Manhattan Mortgage Corporation, including but nnot limited to any application, who the plaintiff communicated with at Chase Manhattan Mortgage Corporation  for said consumer residential mortgage loan, and any assignments of this alleged debt.   Plaintiff disputed the obligation in its entirety and requested the following:

a)   copies  mortgage loan documents from Chase Manhattan Mortgage Corporation showing the plaintiff's signature ;

b)    copy of wire transfer or cancelled check to Title Company on October 19, 2007, from Chase Manhattan Mortgage Corporation for advance funds on the Plaintiff's behalf;

c)   copy of all assignments starting with the original lender, mortgage broker MTH Lending Group complete chain of assignments;

26.     Plaintiff alleges that on April 16, 2013, debt collector defendant J.P. Morgan Chase N.A. ("Chase"), executive employee Ms. Cynthia Selle, sent Plaintiff Thomas a promissory note payable to Flagstone Lending Group signed by a "Flagstone Vice President" Sadie Young to J.P. Morgan Chase N.A. when in fact Sadie Young was never any Vice President or an employee for mortgage broker Flagstone Lending Group.  Additionally the purported note shows that a J.P. Morgan Chase Bank N.A. employee, Vickey Alexander, accepted delivery of the alleged note for JPMC as an Authorized Secretary, when in fact Vickey Alexander does not even exist as an Authorized Secretary employee for debt collector defendant J.P. Morgan Chase Bank N.A.  Ms.

Cynthia Selle advised Thomas although she no longer has any personal liability under the note she was responsible for the December 10, 2010 lien. 15 U.S.C. 1692e.

27.  Plaintiff alleges that on May 4, 2013, plaintiff sent another dispute letter to debt collector defendant J.P. Morgan Chase N.A.'s ("Chase") employee Cynthia Selle, discrediting the nature and contents of the promissory note and additionally sent Ms. Selle, a copy of Thomas' bankruptcy petition filed on December 3, 2010, making the December 10, 2010, assignment invalid (due to violation of bankruptcy automatic stay).

28.  Plaintiff alleges that, when she notified debt collector defendant J.P. Morgan Chase Bank N.A. ("Chase"), that (i) Flagstone Lending Group L.P., never had employee named Sadie Young and that Vicky Alexander does not exist as a Authorized Secretary for ("Chase"), J.P. Morgan Chase Bank N.A. merely sent Thomas another note and removed Vicky Alexander's name from the promissory note.

29.  Plaintiff states that for over 100 years, Texas law has provided that the grantee or beneficiary of a deed of trust is the lender on the note secured by the deed of trust. So long as a "**debt exists**", the "security will follow the debt," and the assignment of the debt carries with it the rights created by the deed of trust securing the note. Debt Collector JPMC was never assigned Thomas note.

30.  Plaintiff alleges that on May 4, 2013 she requested debt collector JPMC to provide her with;  a) copies of mortgage loan documents from Chase Manhattan Mortgage Corporation showing the plaintiff's signature ; b)  copy of wire transfer or cancelled check to MTH Title Company on October 19, 2007, from Chase Manhattan Mortgage Corporation for advance funds on the Plaintiff's behalf; c)  copy of all assignments from MTH Lending Group and a complete

chain of assignments evidencing a debt secured from funds advanced by Chase Manhattan Mortgage Corporation

31.    Plaintiff Thomas alleges that on May 24, 2013, debt collector defendant J.P. Morgan Chase Bank N.A. ("Chase") employee Cynthia Selle, responded that debt collector defendant J.P. Morgan Chase Bank N.A. ("Chase") does not have enough information to respond to Ms. Thomas request.

32.    Plaintiff Thomas complains that as of the filing of this complaint debt collector defendant J.P. Morgan Chase N.A. by merger to Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation ("Chase"), has not provided the plaintiff with verification of this alleged debt.  15 U.S.C. 1692e.

33.    Plaintiff Thomas will show that debt collector Defendant J.P. Morgan Chase Bank N.A. by merger to f/k//a Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation is attempting to collect a sum not founded upon any lawful instrument of indebtedness. 15 U.S.C. 1692f (1).

34.    Plaintiff Thomas is entitled to civil penalties for the defendant's J.P. Morgan Chase N.A. by merger to f/k//a Chase Home Finance LLC., f/k/a by merger to Chase Manhattan Mortgage Corporation for the failure to provide a statement of account upon written request. In denying Plaintiff's account records upon request, the defendant Chase acted with complete disregard for Plaintiff's statutory rights. This Court can attach the maximum penalty permitted by law for this violation every debtor has a statutory right to access records pertaining to his or her account.

**C.    J.P. Morgan Chase N.A.'s ("CHASE") Failure to Report the Debt in Dispute in Violation of "FCRA"**

35.    Plaintiff' Thomas alleges  that J.P. Morgan Chase N.A. by merger to f/k//a Chase Home Finance LLC., f/k/a by merger to Chase Manhattan Mortgage Corporation has intentionally destroyed the plaintiff's credit by reporting to credit bureaus that this alleged debt is delinquent from 2011 to present, although the plaintiff does not owe the debt. This has caused plaintiff damage to her reputation,  a breach of privacy and the loss of credit and damage to credit reputation.  Plaintiff complains that Defendant J.P. Morgan Chase N.A. reported the debt to credit bureaus however failed to state that the debt was in dispute. 15 U.S.C.§§ 1681-1681x.

D.  **Prohibition of Unfair, Deceptive, or Abusive Acts or Practices in the Collection of Consumer Debts**

36.   The Plaintiff Thomas and her family have suffered as a direct result of defendant's abusive and oppressive debt collection practices depression, anxiety, loss of sleep and loss of business profits.   Plainitff and her brother, James Allen, purchased a Jan Pro International Franchise business which was guaranteed to generate $85,000.00 per year. Mrs. Thomas and her brother, James Allen each had a ½ interest in this business as well as the Yani Hair Creations business.   This was lost as well as the family's Ardyss International business that generated millions of dollar in profits and Yani Hair Creations, the family's beauty and lace wigs business. All of these businesses were lost due to the continued harassment by the defendants.

37.   Ms. Thomas has not been able to share time with her family for an extended period of time because of the third party debt collector threatening Ms. Thomas with physical harm. Several Federal Judges here in Texas have had to dismiss Ms. Thomas's motions and lawsuits due to safety concerns. Ms. Thomas' bother and business partner, James Allen, served 20 years in the U.S. Army and was discharged with honors is in retirement.   Mr. Allen has had to accompany plaintiff to insure her safety. Ms. Thomas's son has his own restaurant business "The

House of Gumbo" which he cannot effectively operate his business because of his safety concerns for his mother.

38.     The prohibition of UDAAPs under the Dodd-Frank Act, the Fair Debt Collection Practices Act (FDCPA) also makes it illegal for a person defined as a "debt collector" from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt".

39.     Plaintiff Thomas complains that debt collector JPMC and third party debt collectors debt collection practices are conducted in a manner to harass, oppress, her.  This is the third time Ms. Thomas has file suit against the defendant's and each time defendant JPMC fails to litigate or to verify  this debt and merely seeks a dismissal.

40.     UDAAPs can cause significant financial injury to consumers, erode consumer confidence, and undermine fair competition in the financial marketplace. Service providers under the Dodd-Frank Act involved in collecting debt related to any consumer financial product or service are subject to the prohibition against UDAAPs in the Dodd-Frank Act.

### IV. Bank Servicers Unfair and Deceptive Acts and Practices

41.     The recent settlement 2013, between the state attorneys general and the five leading bank mortgage servicers will result in approximately $25 billion dollars in monetary sanctions and relief. The settlement represents the largest financial recovery obtained by the attorneys general except for the 1998 Master Tobacco Settlement. The settlement follows ten months of intensive negotiations between the five banks including J.P. Morgan Chase Bank N.A.  and a coalition of state attorneys general and federal agencies, including the Departments of Justice, Treasury, and Housing and Urban Development.[1]

42.     The major mortgage servicing banks soon acknowledged that individuals had been signing thousands of foreclosure affidavits without reviewing the validity or accuracy of the sworn statements. Several national banks then agreed to stop their foreclosure filings and sales until corrective action could be taken. All 50 state attorneys general determined that the compliance and performance failures prevalent in mortgage servicing were a high priority law enforcement and consumer protection matter.

43.     Bank servicers such as debt collector J.P. Morgan Chase Bank N.A., where required to search their records for consumers who were damaged as result of their deficiencies in mortgage servicing in 2010, where a consumer requested a Independent Foreclosure Review or not. Because debt collector J.P. Morgan Chase Bank N.A., as a "servicer" entered into an

_____

[1.]     http://www.justice.gov/opa/pr/2012/February/12-ag-186.html

agreement with federal banking regulars---the Office of Comptroller of the Currency and Board of Governors of the Federal Reserve System. Several banks servicers including debt collector J.P. Morgan Chase Bank N.A., then agreed to stop their foreclosure filings and sales until corrective action could be taken. All 50 state attorneys general determined that the compliance and performance failures prevalent in mortgage servicing were a high priority law enforcement and consumer protection matter.

44.     Plaintiff Thomas never requested an "Independent Foreclosure Review" for debt collector Chase Home Finance LLC., illicit debt collection and foreclosure practices. The "Independent Foreclosure Review" nonetheless reviewed Ms. Thomas 2010 foreclosure practices by then debt collector Chase Home Finance LLC., and awarded Plaintiff Thomas for debt collector Chase Home Finance LLC., wrongful conduct on April 12, 2013.

45.     The "Independent Foreclosure Review" board also advised Plaintiff Thomas of the prohibited acts that debt collector J.P. Morgan Chase Bank N.A., as a "servicer" can no longer legally used deceptive practices in the collection of a debt by materially misrepresenting to the court or consumer that they are mortgagees i.e., (creditors) when in the they are the servicer servicing the debt; as such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. See: 15 USC 1692a (4).[2]

46.     Consumer Federal Protection Bureau "CFPB" has created enforcement actions against Bank servicers which prohibits debt collector J.P. Morgan Chase Bank N.A., as a "servicer" from appearing in this court as a mortgagee i.e., (creditor) when in fact they are the debt collector servicer.

---

[2.]   http://www.ftc.gov/enforcement/rules/rulemaking-regulatory-reform-proceedings/fair-debt-collection-practices-act-text#806

47.     Plaintiff Thomas will show as of the filing of this amended complaint the MERS Corp. web site which purports to lists all alleged mortgages in the MERS Electronic Registration System Inc., shows that debt collector J.P. Morgan Chase Bank N.A., is the "servicer" and is not any "mortgagee" i.e. (creditor).

48.     Plaintiff Thomas will show as of the filing of this amended complaint that debt collector J.P. Morgan Chase Bank N.A., and debt collector Barrett, Daffin, Frappier, Turner & Engel LP., are attempting to collect a debt that not part of a debt collection scheme that is not attached to any secured lien.

49.     Defendant debt collectors are in violation of the FDCPA which protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from a competitive disadvantage. (citing 15 U.S.C. § 1692e). To establish a violation of the

FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target of collection activity must be a "consumer", as defined in § 1692a(3); (2) the defendant collecting the debt must be a "debt collector", as defined in § 1692a(6); and (3) the defendant must have engaged in any act or omission in violation of the FDCPA.

## First Cause of Action
## Violation of the Federal Debt Collection Practices Act

50. Plaintiffs incorporate by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

51. Plaintiff Thomas is a consumer as the term is defined in 15 USC §1692(a)(1).

52. Defendants, J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation Barrett, Daffin, Frappier, Turner & Engel LLP., are debt collectors as the term is defined in 15 USC §1692(a)(6).

53. Defendants, J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP., by their aforesaid conduct and use of false and misleading mortgage assignments and Default Notices against Plaintiff as set forth more fully above, violated the Fair Debt Collection Practices Act, including without limitation FDCPA prohibitions against using any false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

54. Defendants' above-described conduct is further prohibited, for example, by the following FDCPA provisions:

(a) Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the debt;

(b) Defendants violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or which should be known to be false;

(c) Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount that is not expressly authorized by a agreement creating the debt or permitted by law; and

d) Defendants violated 15 U.S.C. § 1692 g(b) by failing to cease collection of the debt or any disputed portion thereof until the debt collector obtained verification of the debt.

(g) Defendants violated 15 U.S.C. § 1692e(5) by threatening legal action against plaintiff that they could not legally take due to the unauthorized practice of law;

(h) Defendants violated 15 U.S.C.§1692e(4) in that it threatened legal action, where such action was not contemplated; was unlawful to take and not permitted by any contractual right, and stated for the sole purpose of intimidating, harassing, and terrifying the plaintiff;

(m) Defendants violated 15 U.S.C. §1692e by falsely indicating that the collection of a debt was for the "creditor" instead of an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

(q) The defendant's debt collection practices is not founded upon any lawful instrument of indebtedness. 15 U.S.C. 1692f (1).

55. As a result of the above violations of the FDCPA, the Defendants J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage

Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP is liable to Plaintiff Thomas for such damages as allowed under the FDCPA and a finding by the Court that defendants conduct violated the FDCPA.

56. As a result of Defendants J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP's numerous above-described violations of the FDCPA, Plaintiff  has been damaged and is entitled to actual and statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determine at trial.

57. As a result of Defendants' J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP's numerous above-described violations of the FDCPA, Plaintiff Thomas was damaged and is entitled to attorney fees, punitive damages and damages for mental/emotional distress.

### Second Cause of Action
### Misleading and Material Representations

58. Plaintiffs incorporate by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein;

59. Plaintiff complains that on or about February 25, 2013, the debt collector defendants J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP.,  sent the plaintiff the debt collections letter that materially misrepresented that debt collector JPMC., was the plaintiff's mortgagee (the "creditor ") when in fact JPMC., is a debt collector.

60     Plaintiff complains that on or about February 25, 2013, the debt collector defendants J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP., sent Thomas a debt collection notice that materially misrepresented debt collector JPMC was the holder of the note by merger to debt collector Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation who allegedly funded Thomas's mortgage loan on October 19, 2007, secured by a deed of trust. In fact debt collector JPMC was never a holder of the note stemming from a funded consumer mortgage loan to Thomas on October 19, 2007, from Chase Manhattan Mortgage Corporation because Thomas never applied to Chase Manhattan Mortgage Corporation or received any funds to secured by deed of trust nor does Thomas hold legal or equitable title to transfer to any trustee under a deed of trust.

61.     Plaintiff complains that on February 25, 2013, that debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP., sent Thomas a debt collection notice that materially misrepresented that Thomas was in default for $117,142.15, for a October 19, 2007, consumer mortgage loan from Chase Manhattan Mortgage Corporation. When in fact Thomas never received any loan from Chase Manhattan Mortgage Corporation. 15 U.S.C § 1692 (e) (10).

62.     Plaintiff complains that on February 25, 2013, that debt collector defendants J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP., used misleading and deceptive practices, in connection with the collection of a debt by using false, deceptive, or misleading material misrepresentations or means, by alleging that plaintiff was indebted to J.P. Morgan

Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation when in fact Thomas is not. 15 U.S.C § 1692 (e) (10)

. 63. These representations were intentional or, in the alternative, negligent.

64. Defendants debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP. supplied false information to Plaintiff.

65. Defendants debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP., did not exercise reasonable care or competence in obtaining financial information.

66. Defendant's debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP., misrepresentations proximately caused Plaintiff' injuries.

67. Plaintiff is entitled to exemplary damages.

68. Plaintiffs has been damaged as a proximate result and/or by reason of defendant's debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP. unlawful acts and is entitled to recover compensatory damages, according to offer of proof at time of trial. Plaintiff Thomas is also entitled to recover an award of exemplary and punitive damages where allowed. Plaintiff Thomas is also entitled to recover attorneys' fees, expenses, fees, surcharges, costs, and prejudgment and postjudgment interest. Plaintiff Thomas is also entitled to treble damages, plus costs under D.T.P.A. Tex. Bus. Com. C. § 17.50(b)(1).

**Third Cause of Action**
**Violation of Texas Debt Collection Act § 392**

69. Plaintiff incorporates by reference in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein;

70. Plaintiff complains that on February 25, 2013, that debt collector defendants J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP have engaged in conduct, and continues to engage in conduct as alleged above, in violation of the TDCA, by using deceptive practices and material misrepresentation which is prohibited, including: using a false name or identification; misrepresenting the amount of the debt or its judicial status; failing to identify who holds the debt; misrepresenting the nature of the services rendered by the collection agency or the collector; attempting to collect on a debt that is not expressly authorized by the agreement or creating the obligation or legally chargeable to the consumer, as prohibited by TDCA §392.303(2);

a. misrepresenting the character, extent, or amount of a consumer debt, as prohibited by TDCA §392.304(8); and;

b. using other false representations or deceptive means to collect a debt, as prohibited by TDCA §392.304(19).

(i) misrepresenting the amount of the debt or its judicial status; failing to identify who holds the debt;

(ii) misrepresenting the nature of the services rendered by the collection agency or the collector;

(iii) attempting to collect on a debt that is not expressly authorized by the agreement or creating the obligation or legally chargeable to the consumer, as prohibited by TDCA §392.303(2);

(iv) misrepresenting the character, extent, or amount of a consumer debt, as prohibited by TDCA §392.304(8); and;

(v) using other false representations or deceptive means to collect a debt, as prohibited by TDCA §392.304(19)

71. Defendants Plaintiff complains that as of February 25, 2013, that debt collector defendants J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel LLP., caused her severe depression and intense emotional distress which has resulted in the loss of the plaintiff's franchise business and millions of loss of profits from plaintiff's Aryss International business, and other business profits.

. 72. Plaintiffs lost sleep and suffered severe humiliation by defendant's unlawful tactics.

73. Plaintiff has had to extend unnecessary expense for attorney's to defend against defendant's oppressive debt collection practices

74. Plaintiff has lost all of her business contracts and credit worthiness due to forced bankruptcy directly related and caused by the defendant's unlawful debt collection practices.

75. As a result of defendants, wrongful, malicious and illegal acts, plaintiff is also entitled to recover from the defendant's punitive damages in an amount to be determined by the tier of fact.

**Fourth Cause of Action**
**Violation of Texas Finance Code § 392 and D.T.P.A.**

.       76.   Plaintiff repeats and re-alleges each and every allegation contained above.

77.   Plaintiff Thomas alleges that on February 25, 2013, debt collectors Defendants that on February 25, 2013, that debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel L.P., committed unlawful, unfair business practices, as defined by engaging in deceptive unlawful, unfair and fraudulent debt collection practices as alleged herein.

78.   Texas Debt Collection Act largely tracks the federal statute and is codified in Chapter 392 of the Texas Finance Code.

79.   Plaintiffs seeks injunctive relief enjoining Defendants debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel L.P.,  from engaging in unfair and deceptive business practices described herein. Tex. Fin. Code § 392.001(6);  Tex. Fin. C. § 392.301, 392.302, 392.303.

80.   The Texas act also allows for injunctive relief. Tex. Fin. Code § 392.403(a)(1) ("A") person may sue for **injunctive relief to prevent or restrain a violation** of this chapter.

81.   Violations of the Texas debt collection act are per se violations of the Texas Deceptive Trade Practices Act. Tex. Fin. C. § 392. 404. D.T.P.A. damages for violations of the Texas debt collection act are not limited to "economic damages" but encompass all actual damages, without regard to whether the conduct of the defendant was committed intentionally. Tex. Bus. Com. Code § 17.50 (h).

82.   Because the each Defendant's debt collectors debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation

and Barrett, Daffin, Frappier, Turner & Engel L.P have acted knowingly or intentionally, the plaintiff consumer may obtain treble damages through the deceptive trade practices act.

83.     Plaintiff Thomas is entitled to three times the amount in damages per   D.T.P.A. Tex. Bus. Com. C. § 17.50(b)(1)

84.     Because defendant debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel L.P have acted recklessly, willfully or wantonly,  as such as  liable for punitive damages under the tort of unfair debt collection.

.    85.   The debt collector defendants debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel L.P., also violated F.D.C.P.A. 15 U.S.C. § 1692   including 15 U.S.C. § 1692d which prohibits any conduct the natural consequence of which is to harass, oppress, or abuse any person and § 1692d(1).

86.     Defendants debt collectors debt collectors J.P. Morgan Chase N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation and Barrett, Daffin, Frappier, Turner & Engel L.P violated 15 U.S.C § 1692 and the Texas Debt Collection Act under section § 392.101 of the Texas Finance Code, by engaging in conduct, as alleged above, in violation of the TDCA, by using deceptive practices is o prohibited, including: using a false and material representations in the collection of a debt.

87.     Plaintiff Thomas has been damaged as a proximate result and/or by reason of defendant's unlawful acts and is entitled to recover compensatory damages, according to offer of proof at time of trial. Plaintiff Thomas is also entitled to recover an award of exemplary and punitive damages where allowed. Plaintiff Thomas is also entitled to recover attorneys' fees,

expenses, fees, surcharges, costs, and prejudgment and postjudgment interest. Plaintiff is also entitled to treble damages, plus costs under D.T.P.A. Tex. Bus. Com. C. § 17.50(b)(1).

**Fifth Cause of Action**
**Violations of the Fair Credit Reporting Act**

. 88. Plaintiff Thomas incorporates by this reference each and every paragraph of this Amended Complaint as if set forth fully herein

89. Plaintiff Thomas complains that from about January 15, 2011, to the present Defendant J.P. Morgan Chase Bank N.A. has reported the debt to credit bureau however failed to state that the debt was in dispute. 15 U.S.C.§§ 1681-1681x.

90. Plaintiff Thomas complains that she has informed defendant J.P. Morgan Chase Bank N.A., since January 15, 2011, to the present that she disputes the completeness or accuracy of information furnished by defendants J.P. Morgan Chase Bank N.A., to a consumer reporting agency, and the defendants J.P. Morgan Chase Bank N.A., have not reported the disputes to any or all of consumer reporting agencies to which they furnish or have furnished the information.

91. The acts and practices alleged in this first amended complaint constitute violations of Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3).

92. Causing damage to Plaintiff Thomas's reputation, and breach of privacy and the lost opportunity to seek credit when Defendant J.P. Morgan Chase N.A. reported the debt to credit bureaus and failed to state that the debt was in dispute. 15 U.S.C.§§ 1681-1681x.

93. Plaintiff Thomas sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

**Sixth Cause of Action**
**§ 809.  Validation of debts   [15 USC 1692g]**

94. Plaintiff incorporates by this reference each and every paragraph of this Amended Complaint as if set forth fully herein

95. Defendant debt collectors Barrett, Daffin, Frappier, Turner & Engel LLP., and J.P. Morgan Chase Bank N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation have failed and refused to validate this alleged debt.

96. Plaintiff Thomas states that within 30 days of receiving said debt collection notices, she served both debt collectors Barrett, Daffin, Frappier, Turner & Engel LLP., and J.P. Morgan Chase Bank N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation with letters of disputes by certified return receipt mail and that neither debt collector has validated this alleged debt or responded to the Plaintiff's request.

97. Plaintiff alleges that § 809, "Validation of debts" [15 USC 1692g] mandates that

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

98.    Plaintiff Thomas alleges that the defendant's Barrett, Daffin, Frappier, Turner & Engel LLP., and J.P. Morgan Chase Bank N.A. f/k/a/ Chase Home Finance LLC., by merger to Chase Manhattan Mortgage Corporation, have refused to cease collection of the debt until verification while attempting to force Thomas to disprove validity of this alleged debt in violation of 15 USC 1692g.

99. As a result of Defendants' numerous above-described violations of the FDCPA, Plaintiffs were damaged and are entitled to legal fees and punitive damages for mental emotional distress.

## ECONOMIC AND ACTUAL DAMAGES

100.   Plaintiffs, Elizabeth Thomas and James Allen sustained the following economic and actual damages as a result of the actions and /or omissions of the Defendants described hereinabove:

(a) Loss of business profits and income;

(b)  Out-of-pocket expenses;

(c) Loss of credit and damage to credit reputation; and,

(d) Attorney fees

## DAMAGES FOR MENTAL ANGUISH

Plaintiffs would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

As a result of such acts, practices and/or omissions, Plaintiffs Elizabeth Thomas and James Allen sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

.    As alleged hereinabove, Plaintiffs would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that

Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

Plaintiffs further aver that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

Plaintiffs would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs also seeks recovery from Defendants for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code and by Section 27.01 of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Fifth Circuit Court of Appeals and the U.S. Supreme Court, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 27.01(e) of the Texas Business and Commerce Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; (d) Section 37.009 of the Texas Civil Practice and Remedies Code; and, (e) common law.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiffs Elizabeth Thomas, and James Allen asserts their right under the Seventh Amendment to the U.S. constitution and demands, accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Dated: February 1, 2014

Respectfully submitted,

By:/s/ James M. Andersen

James M. Andersen
Texas State Bar No. 01165850
Southern District. No. 20144
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (218)488-2800
Fax. (281)480-4851
**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing first amended complaint has been furnished to Defendant in accordance with the Federal Rules of Civil Procedure this 1st day of February 2014 via electronic filing and at the address indicated below:

Quilling, Selander, Lownds,
Winslett & Moser P.C.
2001 Bryan Street, Suite 1800
Dallas Texas 75201
Attn: Lauren Godfrey, Esq. and
Wm. Lance Lewis, Esq.

Dated: February 1, 2014

By: /s/ James M. Andersen
James M. Andersen