UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH THOMAS and ABDELHALIM H. MOHD, | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 4:13-cv-01022 |
| J.P.MORGAN CHASE, N.A. F/K/A CHASE HOME FINANCE, LLC, ITS SUCCESSORS AND ASSIGNS DOES 1-50, | | |
| Defendants. | | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") files this Motion to Strike Plaintiffs' First Amended Complaint (the "Amended Complaint") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In support, it would respectfully show as follows.

**I.
SUMMARY**

Plaintiffs filed this lawsuit on March 22, 2013 which Defendant timely removed to this Court. Doc. No. 1. Defendant filed an Answer on April 17, 2013. Doc. No. 4. Pursuant to Rule 15(a)(1)(B), Plaintiffs' deadline to amend as a matter of course was May 8, 2013. Plaintiffs have refused to appear for their depositions or provide proper discovery responses (Doc. No. 32) and have filed the purported Amended Complaint without seeking the requisite leave to do so after Defendant filed a Motion for Judgment on the Pleadings on January 22, 2014. Doc. No. 26; *see also* Doc. No. 34.

This lawsuit is Elizabeth Thomas's ("Thomas") most recent suit in a series of litigation aimed at preventing the proper foreclosure sale of certain real property following her undisputed payment default. Plaintiff Elizabeth Thomas has filed at least seven state, federal district and bankruptcy matters related to the foreclosure sale of the Property, including the following:

1. *In re Elizabeth Thomas*, No. 10-40785-H3-7 (Bankr. S.D. Tex. filed Dec. 3, 2010) (discharged bankruptcy case in which no litigation claims were disclosed);
2. *Thomas v. Mortg. Elec. Registration Sys., Inc.*, No. 10-cv-4320 (S.D. Tex. filed Oct. 21, 2010) (putative class action voluntarily dismissed while Rule 12(b) dismissal motions were pending);
3. *Thomas v. Dolan Media Co.*, Adversary No. 11-03090 (Bankr. S.D. Tex. filed Feb. 25, 2011) (dismissed for lack of jurisdiction because filed in a closed bankruptcy case);
4. *Thomas v. JP Morgan Chase, N.A.*, No. 11-cv-3656, 2012 WL 2872164 (E.D.N.Y. July 11, 2012) aff'd, *Thomas v. Barrett, Daffin, Frappier, Turner, & Engel LLP*, No. 12-3223-cv, 2013 WL 5226415 (2d Cir. Sept. 18, 2013) (summary order) (concluding Plaintiff lacked standing to bring claims, and claims barred due to judicial estoppel);
5. *Thomas, et al v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner, & Engle, LLP*, No. 2013-46276 (333d Dist. Ct., Harris Cnty, Tex. filed Aug. 7, 2013) (dismissed with prejudice)., and
6. *Thomas v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner, & Engel, LP et al,* 4:13-cv-02481 in the Southern District of Texas – Houston Division) (dismissed with prejudice).

In a recent Order dismissing a related suit on November 20, 2013, Judge Ellison cautioned Thomas against repeatedly filing her "frivolous cases" and noted that "sanctions may yet be assessed against her, and will certainly be assessed if her contumacious behavior continues."[1] The Amended Complaint seeks to add a defendant who was dismissed with prejudice from that lawsuit plainly demonstrating that Thomas's contumacious behavior continues.

Plaintiffs' Amended Complaint is not timely, fails to state a claim that is plausible on its face, seeks to bring claims that three courts have ruled are barred by judicial estoppel, seeks to add parties through claims that are barred by the doctrine of *res judicata*, and seeks to dismiss

---

[1] Case No. 4:13-cv-02481, Doc. No. 27, p.2.

claims on behalf of one plaintiff in violation of Rule 41(a)(1)(A)(i) while seeking to simultaneously add another plaintiff who has no standing to bring claims against Defendant. The Amended Complaint should be stricken and Defendant's Motion for Judgment on the Pleadings should be granted.

## II.
## ARGUMENTS AND AUTHORITIES

**A.  Plaintiffs' Amended Complaint should be stricken because it is untimely, and amendment is futile and brought in bad faith.**

The Amended Complaint requires leave of Court under Rule 15 of the Federal Rules of Civil Procedure. Leave was not granted and it should be stricken from the record on that basis alone. Even if Thomas had properly sought leave to amend, it should not be granted. Amendment would be futile because the Amended Complaint, just as its predecessor, fails to state a claim upon which relief can be granted. It is also barred by judicial estoppel and the doctrine of *res judicata.*

**(i)  Standard for Leave to Amend**

Rule 15(a) provides that leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). A plaintiff ought to be afforded an opportunity to test his claims on the merits, if the facts or circumstances underlying his claims are a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave should not be freely given in the presence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice, or futility of amendment. *Id.*

**(ii)  Amendment is Futile.**

Plaintiffs' Amended Complaint raises no new issues and contains no new factual allegations that establish any claim that is plausible on its face. In fact, the claims alleged in the

Amended Complaint have already been dismissed with prejudice by Judge Ellison and Thomas has been warned that sanctions may be issued against her if she continues her behavior.

### (iii) The Amendment is sought in bad faith

The Amended Complaint was filed after three courts ruled that Thomas's claims are barred by judicial estoppel.[2] Thomas has no good faith basis to continue to allege the same claims. Furthermore, the Amended Complaint alleges that Defendant and foreclosure counsel – who Thomas seeks to add as an additional defendant in this lawsuit – have threatened her with physical harm such that several "Federal Judges here in Texas have had to dismiss Ms. Thomas's motions and lawsuits due to safety concerns." Doc. No. 34, p. 11. Apparently Ms. Thomas is alleging that Judge Ellison feared for his own safety when he admonished her for her litigious nature in filing "incoherent" pleadings repeatedly against Defendant and foreclosure counsel.[3] The amendment is sought in bad faith.

### (iv) Thomas cannot trade one plaintiff for another by filing the Amended Complaint

Pursuant to Rule 41(a)(1)(A)(i), Plaintiff Abdelhalim Mohd cannot unilaterally dismiss his claims after Defendant filed its Answer absent an order from the Court, yet the Amended Complaint seeks to do just that. It additionally seeks to add James Allen as an additional plaintiff, who is purportedly Thomas's brother and business partner. Mr. Allen is undisputedly not a party to the Note and Deed of Trust that are the subject of this lawsuit, nor is he a titleholder to the Property. Accordingly, Mr. Allen does not have standing to complain of the actions alleged in this lawsuit - the Court should not permit him to be added as a party. Any claims alleged by Mr. Allen would be patently frivolous.

---

[2] See Doc. No. 26, pp.6-9 (Defendant's Motion for Judgment on the Pleadings contains a lengthy discussion of the judicial estoppel issue).

[3] Case No. 4:13-cv-02481, Doc. No. 27, p.2.

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS'**
**FIRST AMENDED COMPLAINT** Page 4

# III.
# CONCLUSION

Plaintiffs' Amended Complaint should be stricken because it is untimely, requires leave of court that was not granted, fails to state any cause of action that is plausible on its face and seeks to allege claims that are barred by judicial estoppel and add a party who has already obtained a dismissal with prejudice of these claims. Plaintiffs' Amended Complaint lacks any factual allegations supporting the purported claims for relief. The Amended Complaint is replete with erroneous factual allegations which are plainly disproven by the real property records attached to the pending Motion for Judgment on the Pleadings. The amendment is fatally deficient, futile, brought in bad faith, and asks the Court to ignore the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully asks this Court to strike Plaintiffs' First Amended Complaint and grant Defendant's Motion for Judgment on the Pleadings. Defendant further seeks any other relief to which it may be entitled.

Respectfully submitted,

　*/s/ Lauren Godfrey*
WM. LANCE LEWIS
Texas Bar No. 12314560
LAUREN R. GODFREY
Texas Bar No. 24063990
**QUILLING, SELANDER, LOWNDS,
　WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
lgodfrey@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Federal Rules of Civil Procedure, this 6th day of February, 2014, at the address indicated below:

James M. Andersen, Esq.
P.O. Box 58554
Webster, Texas 77598
*Attorney for Plaintiffs.*

                */s/ Lauren Godfrey*
                Lauren Godfrey    4849-4459-9576, v. 2